# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-10-200-FHS |
| ) | |
| THE CITY OF MCALESTER, a ) | |
| political subdivision of the ) | |
| State of Oklahoma; and JIM LYLES,) | |
| in his individual capacity, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION

Before the court for its consideration is the Defendant The City of McAlester's Motion to Dismiss and Brief in Support (Doc. # 42). In this motion defendant argues it is entitled to dismissal of plaintiff's newly added claim for negligence because it is time-barred and fails to state a claim upon which relief can be granted. Plaintiff responds by arguing that not all of its newly added negligence claim is time-barred and that it has stated a claim for relief. The court rules as follows on the motion.

Defendant first argues the tort claim against the City of McAlester is time-barred. In Oklahoma, claims against a political subdivision must be presented within one year of the date the loss occurs. 51 O.S. A. Sec. 156 (B). If the claim is not presented within that time-frame the claim is forever barred. Id. In his Amended Complaint, plaintiff alleges that problems began with Chief Lyles when plaintiff was elected President of the Fraternal Order of Police Lodge in 2006, and that Lyles became angry at plaintiff's activities. Plaintiff complains he suffered an on-the-job

1

injury in March of 2008, which caused him to file a worker's compensation claim and that defendant Lyles engaged in retaliatory actions as a result. Plaintiff also alleges that in August of 2008 defendant Lyles "set plaintiff up to be arrested for a charge of driving under the influence and orchestrated and caused plaintiff to be falsely arrested in order to terminate plaintiff's employment with the city." Finally, plaintiff alleges that he was terminated on September 22, 2008, as a result of retaliation by Lyles. With respect to his negligence claim against the City, plaintiff states that he sent a timely Notice of Tort Claim on April 23, 2010, which was denied 90 days later.

After a review of the Notice of Tort Claim and the allegations in the Amended Complaint, it appears to this court the only claim that is not time-barred is the claim related to the retaliatory actions of Chief Lyles after plaintiff was reinstated on or about July 23, 2009. Plaintiff seems to agree with this when he states in his response to the Motion to Dismiss "this Court cannot find that Morris' negligence claims should be dismissed in its entirety because it is time-barred since there are clearly allegations contained in the Amended Complaint and in the Notice of Tort Claim which occurred within the one year time-frame." The claim in the Amended Complaint the plaintiff refers to as not time-barred, is the claim addressing the retaliatory conduct which occurred after his reinstatement in July of 2009. The court agrees that some of the plaintiff's newly brought negligence claims are time-barred. The court finds all of plaintiff's negligence claims are time-barred except the claims which deal with retaliatory conduct by defendant Lyles after plaintiff's reinstatement in July 2009.

The only remaining negligence claim is one for retaliatory conduct. This court finds that no such claim exists under the law. In <u>Cheonoweth v. City of Miami</u>, 240 P.3d 1080 (Okla. Civ. App. Div. 3, 2010) plaintiff filed a lawsuit in federal court for both emotional damages and retaliation. The appellate court affirmed dismissal of the retaliation claim finding that no legal authority existed for a damages claim for retaliation. <u>Id</u>. at 1085. In his Notice of Tort claim Chenoweth argued he received low marks from the City which "hampered his ability to receive any promotion or raise." <u>Id</u>. at 1084. The court noted, that whether the plaintiff was entitled to a promotion or pay raise depended on the provision of the collective bargaining agreement and consideration of job performance.

In the case at bar, plaintiff is also arguing that after he was reinstated in July of 2009 he was retaliated against by defendant Lyles when he did not get promotions he deserved and could not get transferred back to the day shift. He also argues he was pulled from CLEET classes and denied additional training. The court finds there is no basis in law for a damages claim for retaliation. <u>Chenoweth</u> at 1085. As a result, the court dismisses plaintiff's remaining negligence claim regarding retaliation.

Accordingly, the defendant's Motion to Dismiss plaintiff's negligence claim is hereby granted.

IT IS SO ORDERED this 10th day of May, 2011.

Frank H. Seay
United States District Judge