IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

```
CHRIS MORRIS,                      )
                                   )
             Plaintiff,            )
                                   )
     vs.                           )   No. CIV-10-200-FHS
                                   )
THE CITY OF MCALESTER, a           )
political subdivision of the       )
State of Oklahoma; and JIM LYLES,  )
in his individual capacity,        )
                                   )
             Defendants.           )
```

## ORDER AND OPINION

Before the court for its consideration is a Motion for Summary Judgment (Doc. 59) filed by the defendants City of McAlester and Jim Lyles. The court rules as follows on the motion.

### STANDARD FOR SUMMARY JUDGMENT

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 ( c) See also <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). The moving party has the burden of demonstrating the absence of a genuine issue of fact. <u>Celotex v. Catrett</u>, 477 U.S. 317, 325 (1986). If this initial burden is satisfied, the nonmoving party then has the burden of coming forward with specific facts showing there is a genuine issue for trial as to elements essential to the nonmoving party's case. <u>Matsushita Elec. Indus. Co. v.</u>

1

Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) and Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party cannot rest on the mere allegations of the pleadings, but must go beyond the pleadings and "set forth specific facts showing there was a genuine issue for trial as to those dispositive matters for which [it] carries the burden of proof." Applied Genetics v. First Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting Anderson, 477 U.S. at 248). In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Deepwater Invs. Ltd. v. Jackson Hole Ski Corp, 938 F.2d 1105, 1110 (10th Cir. 1991). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. With these standards in mind, the court turns to the merits of the defendants' motion.

**Factual Findings**

The court finds the facts as follows. Plaintiff Chris Morris has been an employee of the McAlester Police Department since July 1, 1996. Plaintiff has also been a member of the Fraternal Order of Police (FOP) since 1996 where he served as vice-president from 2000 to 2004. After he completed his term as vice-president he then served as president from 2004 to 2009. As president of the FOP, plaintiff appointed members to the

grievance committee and also helped an officer with a grievance concerning overtime pay.

On August 10, 2008, plaintiff was arrested for drunk driving. On September 22, 2008, defendant Lyles, acting as the Chief of Police for the City of McAlester, terminated Morris' employment for violation of various rules and regulations. The City Manager approved the termination. On September 24, 2008, plaintiff filed a grievance over his termination. The grievance was ultimately decided in plaintiff's favor and he was reinstated to his position.

## I.  Free Association Claim

The court must first consider whether plaintiff's claim is a free speech claim or a free association claim. In their reply to the motion for summary judgment, defendants allege that plaintiff's claims are more properly characterized as a free speech claim versus a free association claim. It is clear in the pleadings that plaintiff has framed his claim as a free association claim. Plaintiff's entire lawsuit is based on two actions, (1) the plaintiff's appointment of members to the grievance committee and (2) his assistance with another officer's grievance regarding overtime pay. The court finds plaintiff's claim is a freedom of association claim because both of these actions were taken solely in his position as FOP president. He would not have participated in either of these activities if it would not have been for his position as president of the FOP and his association with that organization. The court arrives at this conclusion because plaintiff's claims are solely connected to his association with and his membership in the FOP.

Defendant has moved for summary judgment on plaintiff's free

3

association claim.  Plaintiff alleges he was been retaliated against by defendant Lyles based on two specific actions he had taken while president of the FOP.  First, plaintiff alleges that in 2005 as FOP president he made a decision not to appoint union members to the grievance committee in an effort to try to form a committee that would be favorable to administration.  Plaintiff claims that subsequently he realized this was not best for the officers for whom he was to advocate as FOP president.  As a result, he changed his position and appointed union members to the grievance committee.  The second action occurred in November 2007, toward the end of plaintiff's role as FOP president and involved plaintiff assisting officer Jeremy Busby with a grievance concerning over-time pay.

   The Supreme Court in Pickering v. Board of Education, 391 U.S. 563 (1968) and Connick v. Myers, 461 U.S. 138, 142 (1983) derived a four part test to determine whether a public employee has violated an employee's First Amendment rights.  The threshold requirement requires the court to determine whether the employee's speech touches on a matter of public concern.  Dill v. City of Edmond, 155 F.3d 1193, 1201 (10th Cir. 1998).  However, the law is unsettled as to whether the public concern requirement is applicable in a free association claim.  Neither the Supreme Court, nor the Tenth Circuit Court of Appeals has expressly determined whether the public concern element is applicable in a freedom of association claim. See Schalk v. Gallemore, 906 F.2d 491, 498 & n. 6 (10th Cir. 1990)(requiring public concern where the "association" was "nothing more nor less than an audience" for the employee's speech but explictedly declining to hold that public concern is always required.) and Flanagan v. Munger, 890 F.2d 1557, 1564 n.7 (10th Cir. 1989)(expressing some doubt whether the Pickering test, particularly the public concern prong applies in freedom of association cases"). In fact, the Tenth

Circuit Court of Appeals has specifically reserved the question in several unpublished opinions. See, e.g., Lunow v. City of Oklahoma City, 61 Fed. Appx. 598, 606 (10th Cir. 2003).

The Tenth Circuit Court of Appeals has indicated in a holding that the public concern requirement does not apply in the narrow situation where the free association claim is brought by a unionized public employee who has asserted that he was retaliated against because of his union membership. Shrum v. City of Coweta, 449 F.3d 1132, 1138-1139 (2006). In Butcher v. City of McAlester, 956 F.2d 973 (10th Cir. 1992), the Tenth Circuit Court of Appeals upheld a jury verdict in favor of a public employee union member's freedom of association claim without applying the public concern test. See also Morfin v. Albuquerque Public School, 906 F.2d 1434 (10th Cir. 1990)(reversing a grant of summary judgment to a defendant on a union association claim without applying the public concern test.)

While the issue does seem to be somewhat unsettled as to whether a plaintiff must establish the public concern element in a free association claim, the court finds the Tenth Circuit Court of Appeals does not require the speech in question to touch on an issue of public concern in the narrow circumstance of a free association case which deals with a labor union association. (See Shrum at 1138-1139.) Thus, the court finds the plaintiff in the case at bar is not required to show his activities touched on an area of public concern.

To establish his constitutional claim, the employee must show that the speech was a "substantial factor" in the adverse employment decision. Dill at 1202. Upon consideration of the motion for summary judgment filed herein by defendants as to plaintiff's free association claim, the court concludes that

5

genuine issues of material fact are present in the case as to whether plaintiff's activities as FOP president were a substantial factor in his termination. Summary judgment is therefore inappropriate and said motion should be overruled as to this issue.  Fed. R. Civ. P. 56; see, e.g., Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505 (1986).

## II. City of McAlester

Municipal liability under 42 U.S.C. Sec. 1983 must be premised on the enforcement of some official policy, procedure, custom or usage.  Monell v. Department of Social Services, 436 U.S. 658 (1978) and Meade v. Grubbs, 841 F.2d 1512, 1529 (10th Cir. 1988).  Under 42 U.S.C. Sec. 1983, a local government or municipality may be held liable for adopting an official policy or custom causing a violation of constitutional rights.  However, local governments can not be sued under a *respondeat superior* theory of liability.  Monell, 436 U.S. at 691.  In order for the City of McAlester to be held liable in the instant action, plaintiff must show "... the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." Seamons v. Snow, 206 F.2d 1021, 1029 (10th Cir. 2000).

In the case at bar, it appears that plaintiff is attempting to establish liability against the City of McAlester by showing that an unconstitutional act was committed by an official with final policy-making authority.  Simmons v. Uintah Health Care Special Dist., 506 F.3d 1281, 1284-85 (10th Cir. 2007). Defendant contends that every decision made by defendant Lyles was subject to review by the City Manager and could be upheld or

6

overturned by the City Manager. As a result, the action against the City of McAlester must fail because defendant Lyles did not have final policy-making authority. Plaintiff alleges that under the City Charter and Municipal Code of McAlester defendant Lyles has control and supervision over his department which included the power of termination and the City Manager did not review the decisions of defendant Lyles. Plaintiff contends that under the facts of this case defendant Lyles was the final policymaker for the city and as such, his actions can hold the City of McAlester liable. In support of its position plaintiff cites <u>Flanagan v. Munger</u>, 890 F.2d 1557 (10th Cir. 1989). However, the court finds that case distinguishable because in <u>Flanagan</u> the city had delegated to the police chief final authority over certain disciplinary issues. The city had further admitted, through requests for admissions, that it had delegated authority to the police chief to set policy regarding discipline imposed on officers for violation of department rules and regulations. <u>Id</u>. at 1568. The court, in that case, determined that the admission by the City effectively disposed of the municipal liability issue because it all but flatly stated that Chief Munger was the final policymaker. <u>Id</u>. In the case at bar, there is no such admission. In fact, in the instant case defendants argue the opposite, that defendant Lyles did not have the final word on termination of police officers. Thus, the court finds <u>Flanagan</u> unpersuasive on this issue.

After a review of the relevant facts, the court finds that the defendant Lyles was not a final policymaker for the City of McAlester. The court finds the Charter for the city specifically states that the termination of all city employees is subject to the City Manager's direction and supervision. Charter for City of McAlester, article 3 section 3.04. In fact, in this case the City Manager Mark Roth in a memo to plaintiff states that he has

concurred and approved of plaintiff's termination.  Thus, it appears the City Manager was the final policymaker for the City of McAlester in regard to the termination of city employees.  Accordingly, this court finds that defendant Lyles was not a final policymaker for the city of McAlester and as such, the City of McAlester is entitled to an entry of summary judgment.

### III.  Qualified Immunity

As part of the summary judgment motion before the court, the individual defendant Chief Lyles claims an entitlement to qualified immunity.  The affirmative defense of qualified immunity is available to all government officials.  Harlow v. Fitzgerald, 457 U.S. 800 (1982).  This immunity is an immunity from suit and not merely a defense to liability.  Pueblo Neighborhood Health Centers v. Losavio, 847 F.2d 642, 644-45 (10th Cir. 1988) and England v. Hendricks, 880 F.2d 281 (10th Cir. 1989).  The test the court must apply is an objective one which inquires into the objective reasonableness of the official's actions.  Harlow, 457 U.S. at 816.  Government officials performing discretionary functions will not be held liable for their conduct unless their actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  Id. at 818; see also Clanton v. Cooper, 129 F.3d 1147, 1153 (10th Cir. 1997)(quoting Harlow).

Certain standards apply when a court is called upon to rule on a qualified immunity defense at the summary judgment stage of the proceedings.  As a threshold inquiry, the court must determine whether the facts as alleged, taken in the light most favorable to the plaintiff, show that a defendant's conduct violated a constitutional right.  This purely legal determination allows courts to "weed out suits which fail the test without

8

requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits." Siegert v. Gilley, 500 U.S. 226, 232 (1991). The court has previously found that there is a factual dispute as to whether plaintiff's activities as the president of the FOP were a substantial factor in his termination. This factual dispute results in the rejection of defendant Lyles' qualified immunity defense as plaintiff has shown that, under his version of the facts, defendant Lyles could have violated his clearly established constitutional right to free association. It will be for the jury to determine which version of the facts to believe.

The court grants in part and denies in part the defendants' motion for summary judgment.

IT IS SO ORDERED this 12th day of September, 2011.

_____
Frank H. Seay
United States District Judge
Eastern District of Oklahoma